**A. Kent GORHAM, Petitioner–Appellant,**

v.

**S. Frank THOMPSON, Superintendent Respondent–Appellee.**

No. 03–35766.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 1, 2004.

Decided Nov. 22, 2004.

Stanley Neustadter, Esq., New York, NY, for Petitioner–Appellant.

Marc D. Blackman, Esq., Portland, OR, Douglas Park, Esq., Oregon Department of Justice, Salem, OR, for Respondent–Appellee.

Before: FERGUSON, TROTT, and KLEINFELD, Circuit Judges.

## MEMORANDUM *

Petitioner A. Kent Gorham ("Gorham") challenges the District Court's dismissal of his habeas petition pursuant to 28 U.S.C. § 2254. He claims that he was denied effective assistance of counsel when his counsel failed to investigate and present available experts at his third rape and sexual abuse trial in Oregon state court. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review the District Court's denial of the habeas petition de novo. *Clark v. Murphy,* 331 F.3d 1062, 1067 (9th Cir.2003). For the reasons stated below, we AFFIRM.

\*\*\*\*\*\*

Under § 2254(d)(1) of the Antiterrorism and Effective Death Penalty Act (AEDPA), Gorham's habeas petition cannot be granted unless the Oregon Supreme Court's adjudication of his claims resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as deter-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

mined by the Supreme Court of the United States." *Lockyer v. Andrade*, 538 U.S. 63, 71, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). In order to establish constitutionally ineffective assistance of counsel, Gorham must show both that (1) his counsel's performance was deficient, and (2) that the deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The review of an attorney's performance is "highly deferential." *Id.* at 689, 104 S.Ct. 2052.

In finding a showing of deficiency of counsel under *Strickland*, a trial counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* at 690, 104 S.Ct. 2052. We have upheld the strategic choices of defense attorneys who refrain from using expert testimony at trial. *See Jackson v. Calderon*, 211 F.3d 1148, 1157 (9th Cir. 2000) (stating that capital defense counsel's decision not to use an expert was "a judgement call within the range of competent counsel"); *Harris v. Vasquez*, 949 F.2d 1497, 1525 (9th Cir.1990) (deeming as "acceptable trial strategy" a capital defense attorney's decision not to call psychiatric experts).

The decision by Gorham's counsel not to investigate and present experts during Gorham's third trial was not deficient. Two main factors based on Gorham's second trial led to this decision. First, a juror had contacted Gorham's counsel after the second trial and clearly informed him that his use of experts was not effective because the State had easily discredited them. Second, a review of the victim's testimony during the second trial led Gorham's counsel to believe that he should focus his efforts on a thorough cross-examination of the victim at Gorham's third trial to point out inconsistencies in her testimony. Gorham's counsel, therefore, made a reasonable tactical decision not to present expert testimony to rebut the State's evidence during Gorham's third trial.

Gorham does not cite a single case that stands for the proposition that trial counsel may be deficient for abandoning an approach that did not work in a previous trial. Consequently, the Oregon Supreme Court reasonably applied the first prong of the *Strickland* test to hold that Gorham's counsel was not deficient in choosing not to pursue an expert scientific defense during Gorham's third trial. Because we conclude that Gorham's counsel was not deficient in his performance, we need not reach the issue of prejudice.

AFFIRMED.